UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
STEVEN J. MALKE                )
                               )
          Plaintiff,           )   CIVIL ACTION NO.
                               )   11-11571-DPW
                               )
     v.                        )
                               )
METROPOLITAN LIFE INSURANCE    )
COMPANY,                       )
                               )
          Defendant.           )
```

MEMORANDUM AND ORDER
December 27, 2012

Defendant Metropolitan Life Insurance Company ("MetLife"), administrator of the long-term disability ("LTD") plan offered by the United Parcel Service of America, Inc. ("UPS"), seeks summary judgment on grounds of failure to exhaust administrative remedies with respect to plaintiff Steven Malke's claim for unpaid LTD benefits. The LTD plan at issue is an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

On February 1, 2007, Aetna, the prior administrator of the LTD plan, approved a claim by Malke for LTD benefits. Malke was entitled to 60% of his pre-disability earnings, which Aetna originally calculated as a gross monthly benefit of $1,528.80. On February 12, 2007, Aetna corrected that figure to $1,664.00,

because of an earlier miscalculation of Malke's base wage rate. In October 2007, Malke contested the adjusted benefits calculation, claiming that the pre-disability wage rate was still incorrect.  Malke lodged this complaint after the 180-day limit for a "first-level" appeal set out in the plan, but Aetna nevertheless reviewed the appeal.

On January 30, 2008, Aetna determined that its February 12, 2007, benefits calculation was accurate.  Aetna informed Malke that if he "would like to have the appeal further reconsidered," he was required to submit a letter of appeal to Aetna within 60 days.  This admonition was consistent with the plan's 60-day limit for filing a "second-level" appeal, although the plan required Malke to file that appeal with the UPS Claims Review Committee rather than the plan administrator.  In any event, there is no evidence in the record that Malke ever filed a written appeal with either the plan administrator or the Review Committee.[1]

In August 2011, Malke brought this suit against MetLife to recover the alleged ongoing underpayment of benefits.  As a prerequisite to bringing suit to recover benefits, however, Malke

---

[1] In his opposition to summary judgment, Malke contends that he "continued to dispute [the January 2008 determination], in writing, and over the phone with various adjusters, to no avail." This assertion is unsupported by the record.  Rather, the first documented communication between Aetna and Malke following the January 2008 determination is in December 2008, when Aetna wrote to inform Malke it had determined he was no longer eligible for benefits.

was required to exhaust administrative remedies available under the plan.  *See Terry* v. *Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1998); *Drinkwater* v. *Metro. Life Ins. Co.*, 846 F.2d 821, 825-826 (1st Cir. 1988).  Malke's failure to file a timely "second level" appeal of the January 2008 determination qualifies as a failure to exhaust.  *Terry*, 145 F.3d at 40.  Although the exhaustion requirement may be relaxed "when resort to the administrative route is futile or the remedy inadequate," *Drinkwater*, 846 F.2d at 826, there is no indication those considerations are applicable here.

To be sure, Aetna was willing to adjust the initial benefit calculation and even entertained Malke's tardy "first level" appeal.  Malke attempts to exploit Aetna's discretionary willingness to entertain certain untimely submissions by arguing that its leniency about those deadlines means it somehow waived all deadlines, or at least that the current plan administrator is now estopped from relying upon Malke's failure to file a timely "second level" appeal from the January 2008 determination.  Malke also argues that MetLife's May 2011 representation that it would "keep Mr. Malke's claim [regarding underpayment of benefits] open for 90 more days," indicates that the matter remained open as a matter of right despite his failure to exhaust.

But it cannot reasonably be argued that Aetna waived the deadline for filing a "second level" appeal, when it explicitly warned Malke about the time limitation.  Moreover, I decline to invoke an estoppel theory in these circumstances, because Malke's procedural default cannot be tied to "improprieties" by the plan administrator.  *Terry*, 145 F.3d at 40-41.[2]  Aetna's willingness to excuse other deadlines as a matter of discretion is plainly not improper, and its clear notice about the time limitation on filing a "second level" appeal renders unreasonable any reliance on prior leniency about deadlines.  Meanwhile, MetLife's representations about "keeping the claim open," made over 3 years after the period for appealing the January 2008 determination, are wholly irrelevant to Malke's earlier failure to exhaust.[3]

For the reasons set forth more fully above, defendant's motion for summary judgment is GRANTED.  Given that there is no possibility Malke can now meet his obligation to exhaust administrative remedies, the Clerk is directed to enter judgment

---

[2] Before finding estoppel, other courts have similarly required a claimant to show that he would have exhausted administrative remedies but for misleading representations by the plan administrator.  *Cf. Chorosevic* v. *MetLife Choices*, 600 F.3d 934, 942 (8th Cir. 2010); *Gallegos* v. *Mount Sinai Med. Ctr.*, 210 F.3d 803, 811 (7th Cir. 2000).

[3] At the hearing on this motion, I afforded Malke until December 19, 2012, to provide supplemental citations to authority more favorable to his position, given the dearth of authority in his opposition brief.  He has not done so, allowing another deadline to pass without action or comment.

dismissing this action with prejudice.  *Cf. Gayle* v. *United Parcel Serv., Inc.*, 401 F.3d 222, 230 (4th Cir. 2005).

                                        **/s/ Douglas P. Woodlock**
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE